UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 10, 2013

LETTER TO COUNSEL:

      RE:    *Keith Booker v. Commissioner, Social Security Administration*;
              Civil No. SAG-13-315

Dear Counsel:

On January 29, 2013, the Plaintiff, Keith Booker, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Booker's reply. (ECF Nos. 19-21). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Booker filed his claims in 2009, alleging disability beginning on January 31, 2009. (Tr. 175-82). His claims were denied initially on November 20, 2009, and on reconsideration on July 1, 2010. (Tr. 85-92, 97-100). A hearing was held on April 20, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 39-79). Following the hearing, on July 25, 2011, the ALJ determined that Mr. Booker was not disabled during the relevant time frame. (Tr. 20-38). The Appeals Council denied Mr. Booker's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Booker suffered from the severe impairments of diabetes mellitus and status-post right shoulder surgery. (Tr. 23). Despite these impairments, the ALJ determined that Mr. Booker retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that he is further limited to frequently reaching with his non-dominant right shoulder; occasionally climbing ramps or stairs (never ladders, ropes or scaffolds), balancing, stooping, kneeling, crouching and crawling; and avoiding even moderate exposure to workplace hazards.

(Tr. 25). Without considering the testimony of a vocational expert ("VE"), the ALJ determined that, "[a] finding of 'not disabled' is . . . appropriate under the framework of" Medical-Vocational Rule 202.21 ("Grid Rule 202.21"), and, in addition, that there were jobs listed in the Dictionary of Occupational Titles (DOT) that Mr. Booker could perform. (Tr. 32-33).

Mr. Booker argues on appeal that the ALJ neither considered testimony from a vocational expert nor made a finding pursuant to the Medical-Vocational Rules ("the Grids"), and therefore that the agency failed to sustain its burden of establishing the existence of jobs that Mr. Booker could perform. *See* Pl. Mot. 5 (citing *Bruton v. Massanari,* 268 F.3d 824, 827 n.1). I disagree.

Section 10 of the ALJ's opinion is poorly constructed, thus causing Mr. Booker's confusion about its contents. The ALJ first noted that application of Grid Rule 202.21 would be appropriate if Mr. Booker had the RFC to perform the full range of light work. (Tr. 33). She further noted that Mr. Booker's additional, nonexertional limitations "do not significantly erode the occupational base for a full range of unskilled, light work." *Id.* Inexplicably, she then engaged in an intervening and erroneous discussion of information contained in the DOT, before concluding that, "[a] finding of 'not disabled' is therefore appropriate under the framework of this rule." *Id.* Although the discussion of the DOT renders the opinion somewhat unclear, because that paragraph contains no reference to any other rule, I conclude that the ALJ in fact made a determination that Grid Rule 202.21 applied to Mr. Booker's case.[1]

I also find no error in the ALJ's reliance on Grid Rule 202.21 to decide Mr. Booker's case. Following her detailed, seven-page analysis of the evidence of record to formulate Mr. Booker's RFC, (Tr. 25-32), the ALJ found three categories of nonexertional limitations: (1) the limitation to frequent reaching with the non-dominant shoulder; (2) the limitation to only occasional posturals; and (3) the limitation precluding "even moderate exposure to workplace hazards." (Tr. 25). None of those limitations cause significant erosion in the occupational base for light work. With respect to reaching restrictions, courts have permitted use of the Grids even with more stringent limitations than Mr. Booker's. *See,* e.g., *Ramirez v. Astrue*, No. 1:09cv01508 DLB, 2010 WL 3734002, at *12 (E.D. Cal. Sept. 21, 2010) (noting that limitation to occasional overhead reaching with right upper extremity "suggests that Plaintiff is capable of occasional overhead reaching with her right upper extremity and frequent overhead reaching with her left upper extremity. With these capabilities, there is no indication that her limitation represents a significant non-exertional impairment requiring the use of VE testimony."); *Summers v. Comm. of Soc. Security,* No. S-08-1309-CMK, 2009 WL 2051633 at *22-23 (E.D. Cal. July 10, 2009) (upholding reliance on the Grids with an RFC precluding frequent overhead reaching with the left upper extremity). I do not find that Mr. Booker's RFC, which precludes only constant reaching with the non-dominant hand and permits constant reaching with the dominant hand, constitutes a "significant limitation" as contemplated by SSR 85-15. Moreover, Mr. Booker's postural limitations have repeatedly been deemed to be within the purview of the Grids. *See, e.g.,* SSR 83-14, 1983 WL 31254, at *5 (Jan. 1, 1983) ("[T]here are nonexertional

---

[1] I concur with Mr. Booker's argument that the ALJ erred by conducting her own analysis of the DOT's requirements for various positions, instead of using VE testimony to meet her burden. Pl. Mot. 5. However, the Commissioner can establish that there are significant jobs in the national economy that the claimant can perform in one of two ways: (1) by the testimony of a VE, or (2) by reference to the Grids. *See Heckler v. Campbell*, 461 U.S. 458, 461-62 (1983); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). Because the ALJ made an appropriate alternative finding that Mr. Booker was "not disabled" pursuant to the Grids, her erroneous DOT analysis is immaterial and the error is harmless.

limitations which have little or no effect on the unskilled light occupational base."). Finally, the restriction to "no moderate exposure to workplace hazards" also does not significantly erode the occupational base, as again, more stringent limitations have been deemed to permit application of the Grids. *See, e.g., Beard v. Astrue*, No. BPG-10-2378, 2011 WL 3880417, at *3 (D. Md. Aug. 31, 2011) (upholding use of grids in case involving "an inability to work around hazards"); *Gonzalez v. Astrue,* No. 06-cv-5403 (DLI), 2008 WL 4453166, at *9 (E.D.N.Y. Sept. 30, 2008) (permitting reliance on the Grids with an RFC including a need to avoid various hazards). Because none of Mr. Booker's nonexertional limitations remove his case from the purview of the Grids, remand is unwarranted.

    For the reasons set forth herein, Plaintiff's motion for summary judgment, (ECF No. 19), will be DENIED, and the Commissioner's motion for summary judgment, (ECF No. 20), will be GRANTED. The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                               Sincerely yours,

                               /s/

                               Stephanie A. Gallagher
                               United States Magistrate Judge